IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:25-HC-2145-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| MARIO FERBO MANCINI, | ) | |
| | ) | |
| Respondent. | ) | |

The United States ("petitioner") seeks to civilly commit Mario Ferbo Mancini ("Mancini" or "respondent") as a "sexually dangerous person" under the Adam Walsh Child Protection and Safety Act of 2006 ("Adam Walsh Act"), codified at 18 U.S.C. §§ 4247–48. Under the Adam Walsh Act, if the court finds by clear and convincing evidence, after a hearing, that a person is a "sexually dangerous person," the court must commit the person to the custody of the Attorney General. Id. § 4248(d). A "sexually dangerous person" is one "who has engaged or attempted to engage in sexually violent conduct or child molestation and who is sexually dangerous to others." Id. § 4247(a)(5). A person is "sexually dangerous to others" if "the person suffers from a serious mental illness, abnormality, or disorder as a result of which he would have serious difficulty in refraining from sexually violent conduct or child molestation if released." Id. § 4247(a)(6).

To obtain a commitment order against Mancini, the United States must establish three facts by clear and convincing evidence: (1) Mancini "has engaged or attempted to engage in sexually violent conduct or child molestation," id. § 4247(a)(5); (2) Mancini currently "suffers from a serious mental illness, abnormality, or disorder," id. § 4247(a)(6); and (3) as a result of the serious mental illness, abnormality, or disorder, Mancini "would have serious difficulty in refraining from

sexually violent conduct or child molestation if released." Id.; see United States v. Charboneau, 914 F.3d 906, 911–17 (4th Cir. 2019); United States v. Bell, 884 F.3d 500, 507–10 (4th Cir. 2018); United States v. Perez, 752 F.3d 398, 407 (4th Cir. 2014); United States v. Antone, 742 F.3d 151, 158 (4th Cir. 2014); United States v. Heyer, 740 F.3d 284, 291–92 (4th Cir. 2014); United States v. Wood, 741 F.3d 417, 419 (4th Cir. 2013); United States v. Bolander, 722 F.3d 199, 206 (4th Cir. 2013); United States v. Springer, 715 F.3d 535, 538 (4th Cir. 2013); United States v. Caporale, 701 F.3d 128, 130 (4th Cir. 2012); United States v. Wooden, 693 F.3d 440, 442 (4th Cir. 2012); United States v. Francis, 686 F.3d 265, 268, 274 (4th Cir. 2012); United States v. Hall, 664 F.3d 456, 461 (4th Cir. 2012); United States v. Comstock, 627 F.3d 513, 515–16 (4th Cir. 2010).

On February 19, 2026, the court held a bench trial. On April 29, 2026, respondent filed a notice of concession and voluntary commitment under 18 U.S.C. § 4248 with an accompanying stipulation of facts. On May 15, 2026, the court held a hearing. Based on the evidence presented at the hearings and respondent's stipulation of facts, the United States has proven by clear and convincing evidence that Mancini has engaged in child molestation and suffers from two serious mental illnesses, abnormalities, or disorders. The United States has also proven by clear and convincing evidence, that as a result of his serious mental illnesses, abnormalities, or disorders, Mancini "would have serious difficulty in refraining from . . . child molestation if released." 18 U.S.C. § 4248(a)(6). Moreover, Mancini is competent and has knowingly and voluntarily consented to civil commitment under 18 U.S.C. § 4248.

In sum, the court ENTERS judgment for petitioner and against respondent. Respondent is hereby committed to the custody and care of the Attorney General under 18 U.S.C. § 4248.

2

SO ORDERED. This _15_ day of May, 2026.

_[signature]_
JAMES C. DEVER III
United States District Judge

**3**